**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QUOC XUONG LUU,

Plaintiff - Appellant,

v.

R. BABCOCK, Lieutenant; et al.,

Defendants - Appellees.

No. 09-15704

D.C. No. 2:06-cv-02262-LKK-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Quoc Xuong Luu, a former California prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action pursuant to the

screening provisions of 28 U.S.C. § 1915A.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

After giving Luu specific notice of the deficiencies in Luu's original complaint and giving leave to submit an amended complaint, the district court properly dismissed Luu's due process claim concerning his temporary loss of prison privileges because Luu failed to allege facts implicating a protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (protected liberty interest arises only when a restraint exceeds an inmate's sentence in "an unexpected manner" or imposes "atypical, significant deprivation on the inmate in relation to the ordinary incidents of prison life"). The district court properly dismissed the remaining claims because Luu did not allege facts sufficient to show that the defendants deprived him of a constitutional right. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to violate the Eighth Amendment "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'" (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981))); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (to state equal protection claim, plaintiff must show that defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class).

**AFFIRMED.**